Dear Representative Dunning:
This opinion letter is in response to your question asking whether an increase in the price of grave lots in Englewood Cemetery, Clinton, Missouri, would violate the Hancock Amendment unless such increase in the price of grave lots was approved by the voters of the city of Clinton. You have advised us that the Englewood Cemetery is owned by the city of Clinton.
The answer to your question depends upon whether the charges for grave lots in a city-owned cemetery constitute taxes, licenses, or fees within the meaning of Article X, Section 22(a) of the Missouri Constitution, which section was adopted as part of what is commonly referred to as the Hancock Amendment. If such charges are not taxes, licenses, or fees, but rather are contractual in nature, they would not be subject to such a vote. Article X, Section 22(a) of the Missouri Constitution provides in part:
 Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon.
We have previously stated that we are of the view there is a reasonable probability a court would hold that water district rates are of a contractual nature and, therefore, that the Hancock Amendment does not apply. See Opinion Letter No. 76-85, a copy of which is enclosed. We have also stated that increases in hospital room rates and other hospital charges are contractual in nature and do not require voter approval. See Opinion No. 122, Leffler, 1982, a copy of which is also enclosed. All charges which a city or other political subdivision collect are not mandated by law. The city or political subdivision may contract with individuals, corporations, and other political subdivisions to provide services and charge the recipient for those services. Providing a grave lot in a cemetery owned by a city is one of those types of services that is contractual in nature. The decision to increase the price of grave lots in a cemetery owned by a city does not come within the purview of the Hancock Amendment. See, also, Pace v. City of Hannibal, 680 S.W.2d 944
(Mo. banc 1984).
Therefore, it is the opinion of this office that an increase in the price of grave lots in Englewood Cemetery, Clinton, Missouri, is not subject to the Hancock Amendment.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 122, Leffler, 1982 Opinion Letter No. 76-85